UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROTHERS AND SISTERS IN CHRIST, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| ZAZZLE INC., | ) CASE NO.: 4:20-cv-00280-NAB |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ZAZZLE INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, Zazzle Inc., by and through their undersigned attorneys, hereby respectfully submits this memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**I.   INTRODUCTION**

This case arises out of third-party use of Defendant Zazzle's website to create products that allegedly infringe the trademark Plaintiff Brothers and Sisters in Christ, LLC ("BASIC") claims in the phrase "love happens" for clothing. Zazzle operates a website that allows users to create, buy, and even sell personalized mugs, puzzles, pillows, shirts, and other products that they design. Users design the products; they can be included in an online store; and, when bought or ordered, products are then manufactured and shipped. Here, BASIC notified Zazzle of potential infringement with certain user-created designs. Zazzle investigated and removed the allegedly infringing products. Only <u>one</u> sale was made of the allegedly infringing products before they were removed. That single sale, Zazzle is informed, was to someone affiliated with Plaintiff.

Based on these facts, BASIC attempts to haul Zazzle into this Missouri court, even though Zazzle is a California corporation, has its principal place of business located in California, does not have any employees, offices, or any presence in the state, and made no sales of the allegedly infringing products except for a single purchase by someone associated with the Plaintiff.

Personal jurisdiction is an essential element of a court's jurisdiction. It must be based on defendant's actions purposefully availing itself of the forum state; it cannot be based on contacts that are remote, sporadic, or manufactured by the plaintiff. Plaintiff has the burden to establish the facts connecting a defendant with this state. The only facts BASIC has alleged to justify a Missouri forum are that (1) it is a Missouri resident (Compl. ¶¶ 1, 12(a)); (2) Zazzle uses a webpage that is "available to those in Missouri and elsewhere" to advertise and sell its goods, including the products at issue (*id.* ¶¶ 11, 12(b), 12(c)); (3) Zazzle has sold an allegedly infringing shirt to "at least one Missouri resident" who is affiliated with Plaintiff (*id.* ¶ 8); and (4) BASIC's lawyer, who wrote the cease-and-desist letter to Zazzle, is based in Missouri (*id.* ¶ 12(d)). This is not enough. Accordingly, the Court should dismiss this case for lack of personal jurisdiction.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff BASIC is a Missouri corporation. (Compl. ¶ 1.) It claims to be the owner of the trademark "love happens" for use with clothing. (Compl. ¶ 5.)

Defendant Zazzle is a California corporation with its principal place of business in California. (Compl. ¶ 3.) Zazzle owns the website zazzle.com, which allows third-party users, through an automated computer service, to create, buy, and sell customized merchandise online using Zazzle's proprietary e-commerce services. (Zazzle Decl.[1] ¶ 3; *see also* Compl. ¶ 11.) Products remain "virtual" in an online store until ordered by the user or a customer, at which point they are manufactured and shipped. (Zazzle Decl. ¶ 4.) To use the website, Zazzle's users warrant that they are the creators and owners of the content they upload to Zazzle's website (or

---

[1] Citations to "Zazzle Decl." refer to the Declaration of Jennifer McNulty-Squiers in filed concurrently hereto.

have the lawful right to do so) and are ultimately responsible for the use of that content and the products they submit.  (*Id*. ¶ 5.)  Zazzle provides information about intellectual property and guidelines for its users to prevent infringing material from being uploaded.  (*Id*.)  Upon proper notification about possible infringement, Zazzle will promptly investigate, respond, and act to prevent infringing activity.  (*Id*.)

In July 2019, BASIC sent Zazzle a cease and desist letter pursuant.  (*Id*. ¶ 6.)  After investigating, Zazzle located and removed 28 identified allegedly infringing products and deactivated seller stores that offered the allegedly infringing products.  (*Id*.)

Thereafter, BASIC filed the present Complaint in the Eastern District of Missouri, alleging that Zazzle sold a single shirt with the alleged trademark infringing logo of "love happens" to one Missouri resident.  (Compl. ¶ 8.)  Upon information and belief, this single sale was to Plaintiff BASIC itself or to a party affiliated with BASIC.  (Otto Decl.[2] ¶ 3; *see also* Zazzle Decl. ¶ 7; Compl. Exh. 1, ECF No. 1-1.)  Zazzle was able to remove the products in question before any other sales were made.  (Zazzle Decl. ¶ 7.)

### III. PLAINTIFF HAS THE BURDEN TO PROVE THAT PERSONAL JURISDICTION OVER DEFENDANT IS PROPER BEFORE PROCEEDING.

A defendant may move to dismiss a case under Rule 12(b)(2) of the Federal Rules for "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  "Personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication."  *White v. Steak N Shake*, No. 4:20 CV 323 CDP, 2020 U.S. Dist. LEXIS 61747, at *4 (E.D. Mo. Apr. 8, 2020) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937))).

There are two types of personal jurisdiction:  general and specific.  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017).  General jurisdiction is proper where the defendant has such systematic and continuous contacts with a state as to be "essentially at home"

---

[2] Citations to "Otto Decl." refer to the Declaration of Jamie Otto in filed concurrently hereto.

in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific personal jurisdiction, on the other hand, is "case-linked." *Id*. Specific jurisdiction allows courts to redress harm caused by a foreign defendant, so long as the defendant has sufficient minimum contacts with the state, the cause of action arises from those contacts, and exercise of personal jurisdiction is constitutionally reasonable.

To defeat a motion to dismiss for lack of personal jurisdiction, plaintiffs must establish the existence of either general or specific personal jurisdiction. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). A plaintiff must "'state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted). If controverted or disputed, "the plaintiff has the burden of proving such facts." *Id.*; *see also Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). "The plaintiff's 'prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'" *Rice v. Interfood, Inc.*, No. 4:19-CV-3162 HEA, 2020 U.S. Dist. LEXIS 62558, at *6 (E.D. Mo. Apr. 9, 2020) (citations omitted).

**IV.     THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER ZAZZLE.**

Under general jurisdiction, "a court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For corporate entities, the Supreme Court has held that general jurisdiction is appropriate in the state of an entity's "place of incorporation" or "principal place of business." *Daimler*, 571 U.S. at 137.

BASIC acknowledges Zazzle is neither incorporated in nor has its principal place of business in Missouri, and thus general jurisdiction is lacking here. *See Poppiti v. United Indus. Corp.*, No. 4:19-cv-02028-SNLJ, 2020 U.S. Dist. LEXIS 50650, at *3 (E.D. Mo. Mar. 24,

2020) ("Plaintiffs openly acknowledge [Defendant] is neither incorporated in nor has its principal place of business in Missouri. Thus, general jurisdiction is lacking here.").

After the Supreme Court's *Daimler* decision, there is no longer any need for the Court to assess the extent of Zazzle's business activities or sales in Missouri.  Even if it did, however, there would be no basis for general personal jurisdiction.  Although Zazzle operates a website that is accessible by "those in Missouri and elsewhere" (Compl. ¶ 11), that is insufficient to establish general personal jurisdiction.  *See Triad Media v. Stone*, No. 10-0165-CV-W-SOW, 2010 U.S. Dist. LEXIS 158467, at *16 (W.D. Mo. Nov. 2, 2010).  Even if Zazzle has made some sales to Missouri residents from California, that is insufficient to establish "continuous and systematic contacts" for general jurisdiction.  *Id.* at *17-18 (finding that defendant's "derivation of some of its revenues from Missouri residents for services provided in Arizona is insufficient to create systematic and continuous contacts"); *see also White*, 2020 U.S. Dist. LEXIS 61747, at *6 (post *Daimler*, no general jurisdiction despite defendant's operation in Missouri of thirty-nine restaurants).

Accordingly, BASIC has failed to establish general jurisdiction over Zazzle in Missouri.

## V.   THIS COURT DOES NOT HAVE SPECIFIC PERSONAL JURISDICTION OVER  ZAZZLE.

"[F]or this Court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum."  *Poppiti*, 2020 U.S. Dist. LEXIS 50650, at *3-4 (citing *Bristol-Myers Squibb*, 137 S. Ct. at 1780) (quoting *Daimler*, 571 U.S. at 127) (internal quotations omitted).  "Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice."  *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The Eighth Circuit has identified five factors to analyze when determining if a defendant has a substantial connection with a forum state:  (1) the nature and quality of the contacts with

the forum state; (2) quantity of the contacts, (3) relation of the cause of action to those contacts, (4) interest of the forum state in providing a forum for its residents, and (5) convenience of the parties." *Kick Int'l v. Brown*, No. 4:19-cv-01733 SRC, 2020 U.S. Dist. LEXIS 11920, at *7 (E.D. Mo. Jan. 24, 2020) (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)). The first three factors are the primary ones, though the Court will consider the totality of the factors in deciding whether personal jurisdiction exists. *Id*.

Here, BASIC has alleged few facts to establish any defendant has a substantial connection with Missouri. The primary allegation establishing any connection with Missouri states:

> a. The Trademark Holder and Owner, BASIC, is incorporated in Missouri and has its principal place of business in St. Louis County, State or [*sic*] Missouri, and has its registered agent located in St. Louis County, State of Missouri;
> b. Defendant advertises and sells its trademark infringing goods in the State of Missouri as shown on Exhibit #4;
> c. Defendant advertised, sold, and shipped its trademark infringing goods to a purchaser located in Clayton, Missouri, as set shown by Exhibits 1-3; and,
> d. Before filing suit, during 2019, BASIC's legal counsel wrote Defendant from his office in Missouri, and told Defendant to cease and desist infringing BASIC's trademark in "love happens" but Defendant did not stop its infringements.

(Compl. ¶ 12.) None of these alleged facts, even if assumed as true, are sufficient to establish that Zazzle can be subjected to jurisdiction within Missouri.

### A. Plaintiff's Residence Is Not Sufficient To Create Personal Jurisdiction; Nor Is the Residence of Plaintiff's Hired Lawyer.

Personal jurisdiction is based on a defendant's purposeful contacts with a particular forum. The Supreme Court explained in *Walden v. Fiore*, 571 U.S. 277, 285 (2014), that "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*.; *see Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 655 (8th Cir. 1982) ("'It is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident.'") (citation omitted).

Accordingly, the fact that BASIC is incorporated in, has its principal place of business, and has its registered agent in Missouri does not give rise to personal jurisdiction over Zazzle in this state. *Walden*, 571 U.S. at 285. Moreover, the fact that the lawyer BASIC engaged to write the cease-and-desist letter to Zazzle resides in Missouri is equally irrelevant. *See BIB Mfg. Co. v. Dover Mfg. Co.*, 804 F. Supp. 1129, 1133 (E.D. Mo. 1992) (cease-and-desist letters as well as settlement efforts were insufficient to confer personal jurisdiction over defendant).

### B. Zazzle's Use of a Website Is Not Sufficient to Create Personal Jurisdiction.

The majority of courts (including this Circuit) follow the framework in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to analyze personal jurisdiction based on the operation of an internet website. *See Lakin v. Prudential Sec.*, 348 F.3d 704, 710 (8th Cir. 2003). The "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. Jurisdiction is a sliding scale:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which his accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.* (internal citations omitted). Personal jurisdiction "depends not just on the nature of the website but also on evidence that individuals in the forum state accessed the website in doing business with the defendant." *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010).

Merely providing an interactive website that can be accessed in Missouri or used to make sales in Missouri is not, by itself, sufficient to establish personal jurisdiction in Missouri. Thus,

personal jurisdiction is not proper for an interactive commercial website accessible in Missouri unless there is evidence that the defendant "engaged in any transaction or exchange of information with a Missouri resident" via the website or "that a Missouri resident ever accessed the website." *Id.*; *see also True Fitness Tech., Inc. v. Samsara Fitness, LLC*, No. 4:14CV1930 HEA, 2015 U.S. Dist. LEXIS 78993, at *12 (E.D. Mo. June 18, 2015).

Zazzle's website is not "uniquely or expressly aimed at Missouri." *See Johnson*, 614 F.3d at 797-98. It is a national website, equally accessible to those inside and outside of the state. (Zazzle Decl. ¶ 3.) After receiving a letter regarding potential trademark infringement, Zazzle deactivated seller stores that offered the allegedly infringing products. (*Id.* ¶ 6.) Other than a single sale (discussed below), there were no other sales into Missouri or otherwise of the allegedly infringing products. (*Id.* ¶ 7.) The only possible basis for personal jurisdiction, then, depends on the nature of that single sale. Zazzle's website itself is not a sufficient basis for jurisdiction; Zazzle cannot reasonably expect to be hauled into Missouri court simply because its website is accessible in Missouri.

### C. The Single Sale Is Not Sufficient to Create Personal Jurisdiction.

Although BASIC alleges that Zazzle "has sent trademark infringing goods into the State of Missouri" and "regularly transacts and conducts business within Missouri," it has only identified a single sale. (Compl. ¶¶ 7, 8). Zazzle has reviewed its records and confirmed that there has only been a single sale of the allegedly infringing products. (Zazzle Decl. ¶ 7.)

Zazzle is informed and believes the single sale was orchestrated by the plaintiff in connection with this lawsuit. After an initial investigation, Zazzle discovered that the single sale was made to Jackie Frerichs and shipped to Clayton, Missouri. (Zazzle Decl. ¶ 7.) The shipping label shown in Exhibit 1 of the Complaint also lists Jackie Frerichs as the recipient of the product identified by BASIC as having been shipped to a Missouri resident. (Compl. Exh. 1, ECF No. 1-1.) When Zazzle's counsel informed BASIC that there had been only one sale, BASIC's counsel responded, saying his client's mother made a purchase of the allegedly infringing product. (Otto Decl. ¶ 3)

A single sale in the forum state is insufficient to create specific personal jurisdiction when the sale was made to plaintiff or someone affiliated with the plaintiff. Jurisdiction must be based on contacts that "the 'defendant *himself* creates with the forum State.'" *Walden*, 571 U.S. at 284 (citation omitted). Although an internet purchase and delivery to the forum state may establish personal jurisdiction over the defendant in some circumstances, "plaintiffs are not permitted to 'manufacture' personal jurisdiction over defendants by orchestrating an in-state web-based purchase of their goods." *Krepps v. Reiner*, 588 F. Supp. 2d 471, 479 (S.D.N.Y. 2008) (citation omitted), *aff'd*, 377 F. App'x 65 (2d Cir. 2010). Thus, in *Regenexx v. Regenex Health LLC*, No. 4:19-cv-00119-SMR-SBJ, 2020 U.S. Dist. LEXIS 47151 (S.D. Iowa Mar. 17, 2020), the district court held that "a single online sale into the forum is insufficient to confer specific jurisdiction when the sale was orchestrated by the plaintiff." *Id.* at *18. To confer jurisdiction, "any sale into the forum must be such that it signals the defendant purposefully availed him- or herself to the privilege of doing business in the forum and was not merely the result of a unilateral act of a third-party." *Id.* at *17-18. Similarly, in *Warren v. Cardoza Publishing Co.*, No. 4:16CV572 RLW, 2017 U.S. Dist. LEXIS 16128, at *15-17 (E.D. Mo. Feb. 6, 2017), the district court refused to find personal jurisdiction based on a single sale made six days after the complaint was filed to an address in the same city where plaintiff resides. While the district court made "no determination" whether the plaintiff in that case actually had a role in the one web purchase, the district court refused to base jurisdiction on a single arguably "specious" sale. *Id.* at *17.[3]

---

[3] Zazzle has identified one Missouri case where the district court asserted personal jurisdiction based on a single sale to plaintiff in the forum state. *See Furminator, Inc. v. Wahba*, No. 4:10CV01941 AGF, 2011 U.S. Dist. LEXIS 96695, at *13 (E.D. Mo. Aug. 29, 2011). That case was decided before the Supreme Court's 2014 decision in *Walden*, where it refocused the personal jurisdiction inquiry on the "contacts that the 'defendant *himself* creates with the forum State.'" *Walden*, 571 U.S. at 284 (citation omitted). That district court did not have the benefit of the *Walden* decision and never addressed the rule that a plaintiff cannot manufacture personal jurisdiction. Later courts (including in Missouri) have since recognized this important exception.

## VI. CONCLUSION

For the reasons set forth above, this action should be dismissed for lack of personal jurisdiction.

Dated:  April 16, 2020

By: */s/ Jamie Y. Otto*
    Jamie Y. Otto

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
Jamie Y. Otto (295099 CA)
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:    jotto@wsgr.com

*Attorneys for Defendant Zazzle Inc.*

## CERTIFICATE OF SERVICE BY E-FILING

I hereby certify that on April 16, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Robert Schultz #35329
SCHULTZ & ASSOCIATES, LLP
640 Cepi Drive
Chesterfield, MO 63005
Telephone:  (636) 537-4645
Facsimile:  (636) 537-2599
Email:       rschultz@sl-laywers.com

*Attorneys for Plaintiff Brothers and Sisters in Christ, LLC*


Dated this 16th the day of April 2020 in San Mateo, California.

*/s/ Jamie Y. Otto*
Jamie Y. Otto