IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROTHERS AND SISTERS IN CHRIST, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:20-CV-00280-NAB |
| Vs. ) | |
| ) | |
| ZAZZLE, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**PLAINTIFF BROTHERS AND SISTERS IN CHRIST, LLC'S LEGAL MEMORANDUM
FILED IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Brothers And Sisters In Christ, LLC ("BASIC") files this legal memorandum in opposition to Defendant's Motion to Dismiss.

**INTRODUCTION**

Defendant's own memorandum and motion sets forth sufficient grounds for finding personal jurisdiction in Missouri for this lawsuit.

In addition, Defendant's motion is misdirected. If personal jurisdiction is not found, the case should not be dismissed but transferred to a California District Court with personal jurisdiction. See e.g. United States v. Berkowitz, 328 F.2d 358, 360 (3rd Cir. 1964); Reed v. Brown, 623 F.Supp.2d 342, 346 (D. Nev. 1985); 28 U.S.C. §1404 & § 1406.

However, aside from filing this legal memorandum, Plaintiff respectfully asks for leave to conduct limited jurisdictional discovery on the relevant facts of how much in items, customers, and dollar amounts in sales has Defendant made to and into Missouri, how much Defendant received for sales made into Missouri over the last 5 years, and whether the website operated by

1

Defendant and the website sales was under its control and how payments under the website were received by Defendant.

## FACTS

There are some items which we know to be true and which are essentially admitted by Defendant:

1. Defendant operates an interactive website selling goods throughout America and selling goods to and into Missouri; (Petition ¶11).
2. Defendant sold and shipped a trademark infringing item into Missouri. (Petition ¶8).
3. Defendant's admitted trademark infringing sale into Missouri was to a person affiliated with Plaintiff.

Defendant asserts it only sold one trademark infringing good into Missouri.

However, Defendant's factual assertions make no sense. In July, 2019, Plaintiff sent a demand letter to Zazzle demanding Zazzle remove the trademark infringing products. Defendant states it removed the infringing products. However, Defendant sold a trademark infringing product in December, 2019. Defendant's assertion that it removed the trademark infringing goods does not make sense if trademark infringing goods were still available on Zazzle's website in December, 2019.

## LEGAL ANALYSIS

Now on a motion to dismiss for lack of personal jurisdiction, all pleadings and affidavits are construed in the light most favorable to plaintiff and all doubts are resolved in plaintiff's favor. Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991);

CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2nd Cir. 1986); Capitol Records, LLC v. VideoEgg, Inc., 611 F.Supp.2d 349, 356-357 (S.D.N.Y. 2009).

> Although the plaintiff ultimately "bears the burden of establishing jurisdiction over the defendant by a preponderance of the evidence, the plaintiff need only make a *prima facie* showing that jurisdiction exists prior to the holding of an evidentiary hearing." *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 196 (2d Cir.1990) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985)). The plaintiff's obligation varies, however, depending on whether the jurisdictional determination is made prior to or subsequent to discovery. *Id.* at 197. *357 Whereas prior to discovery the plaintiff may meet its burden by merely pleading good faith allegations sufficient to establish jurisdiction, "[a]fter discovery, the plaintiff's *prima facie* showing ... must include an averment of fact that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Id.* That is, "[t]he *prima facie* showing must be factually supported." *Id.* In ruling on a motion to dismiss for lack of personal jurisdiction, pleadings and affidavits must be "construed in the light most favorable to plaintiff and all doubts are resolved in its favor." *CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986) (citing *Hoffritz,* 763 F.2d at 57).

Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 356–57 (S.D.N.Y. 2009).

On a motion to dismiss for lack of personal jurisdiction, before an evidentiary hearing, the allegations of the petition or complaint are taken as true unless contested by specific sworn testimony or affidavit. Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999).

> "We review *de novo* a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Porina v. Marward Shipping Co.,* 521 F.3d 122, 126 (2d Cir.2008). "[P]laintiffs need only make a prima facie showing of personal jurisdiction over the defendant[,][and] ... we construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Id.* In the instant case, the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held. Accordingly, "plaintiff[s'] *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996) (internal quotation marks omitted and second alteration in original).

Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010).

> While it is true that the plaintiff bears the ultimate burden of proof on this issue, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Cutco Ind. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Watlow Elec. Mfg. v. Patch Rubber Co.,* 838 F.2d 999, 1000 (8th Cir.1988); *Falkirk Min. Co. v. Japan Steel Works, Ltd.,* 906 F.2d 369, 373 (8th Cir.1990). If the district court does not hold a hearing and instead relies on pleadings and affidavits, as it did here, the court must look at the facts in the light most favorable to the nonmoving party, *Watlow Elec. Mfg.,* 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. *Nieman v. Rudolf Wolff & Co., Ltd.,* 619 F.2d 1189, 1190 (7th Cir.), *cert. denied,* 449 U.S. 920, 101 S.Ct. 319, 66 L.Ed.2d 148 (1980).

Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).

Missouri's Long Arm Statute allows personal jurisdiction to the extent allowed by the Due Process Clause. Maritz, Inc. v. Cybergold, Inc., 947 F.Supp.1328, 1330-1331 (E.D.Mo. 1996).

**1. THIS DISTRICT COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS FOR THE REASON THAT SELLING A SINGLE INFRINGING GOOD INTO MISSOURI, DOING BUSINESS THROUGH AN INTERACTIVE WEBSITE SELLING OTHER GOODS INTO MISSOURI, AND OFFERING TO SELL INFRINGING GOODS INTO MISSOURI, PROVIDE THIS DISTRICT COURT WITH SPECIFIC PERSONAL JURISDICTION OVER DEFENDANT.**

Defendant admits to selling an infringing good into Missouri, Defendant admits to operating an interactive website, Defendant admits it has sold other goods into Missouri, and Defendant admits the infringing good was purchased from Defendant's website which means Defendant offered the infringing good for sale into Missouri. These admissions provide an overwhelming basis for the exercise of personal jurisdiction over Defendant by this District Court. See e.g. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357 (11th Cir. 2013); Queen Bee Of Beverly Hills, LLC v. Sun-Eye Productions, Inc., 616 F.3d 158, 165, 166 (2nd Cir.

2010); Monster Energy Company v. Wensheng, 136 F.Supp.3d 897, 907 (N.D. Ill. 2015); Cartier v. Seah LLC, 598 F.Supp.2d 422, 425 (S.D.N.Y. 2009).

Now in the instant case, Defendant admits to operating an interactive website by which it sells goods nationwide and obviously into Missouri.

Further, Defendant admits that it offered nationwide and offered to Missourians goods which infringed Defendant's trademark.

Even more, Defendant admits that is sold an infringing good into Missouri.

Offering or selling an infringing good is considered a tort and provides a basis for long arm jurisdiction over a foreign defendant. See e.g. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357 (11th Cir. 2013); Chloe v. Queen Bee Of Beverly Hills, LLC, 16 F.3d 158, 165, 166 (2nd Cir. 2010); Monster Energy Company v. Wensheng, 136 F.Supp.3d 897, 907 (N.D. Ill. 2015); Cartier v. Seah LLC, 598 F.Supp.2d 422, 425 (S.D.N.Y. 2009).

Merely offering to sell an infringing good to Missourian constitutes the commission of a tort in Missouri and satisfies the Missouri Long Arm Statute. See §506.500(3) R.S.Mo.; Cartier v. Seah LLC, 598 F.Supp.2d 422, 425 (S.D.N.Y. 2009); . Monster Energy v. Wensheng, 136 F.Supp.3d 897, 907, 908 (N.D. Ill. 2015).

In the 2009, Cartier decision, the United States District Court for the Southern District of New York found that selling a trademark infringing watch, to the Plaintiff's attorney's paralegal, into New York plus nationwide advertising of goods provided specific personal jurisdiction for Plaintiff's trademark infringement case in New York. Cartier v. Seah LLC, 598 F.Supp.2d 422, 425 (S.D.N.Y. 2009).

Actually selling a trademark infringing good into a state also provides specific personal jurisdiction. See e.g. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357 (11th Cir.

2013); Chloe v. Queen Bee Of Beverly Hills, LLC, 616 F.3d 158, 165, 166 (2nd Cir. 2010); Monster Energy Company v. Wensheng, 136 F.Supp.3d 897, 907 (N.D. Ill. 2015).

In the 1991 Eighth Circuit Dakota Industries decision, the Eight Circuit found personal jurisdiction in South Dakota where the President of the Plaintiff purchased Defendant's trademark infringing good. Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).

In the 2013, 11th Circuit Louis Vuitton decision, the 11th Circuit declared that Defendant's website advertising or offering for sale trademark infringing goods, and Plaintiff's attorney ordering and receiving infringing goods from Defendant's website provided specific personal jurisdiction in Florida for a trademark infringement case against a New York person. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357-1358 (11th Cir. 2013).

Similarly, in the 2010, 2nd Circuit Queen Bee decision, the 2nd Circuit declared that Defendant's website advertising or offering for sale trademark infringing goods and a paralegal of Plaintiff's attorney ordering and receiving trademark infringing goods from Defendant's website provided specific personal jurisdiction in New York for a trademark infringement case against an Alabama limited liability company. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 172, 173 (2nd Cir. 2010).

In the 2015 District Court Monster Energy decision from the Southern District of Illinois, the District Court found that merely offering to sell infringing goods into Illinois, without proof of any actual shipment provided specific personal jurisdiction in Illinois for a trademark infringing case against Chinese nationals. Monster Energy v. Wensheng, 136 F.Supp.3d 897, 907, 908 (N.D. Ill. 2015).

Now Zazzle has cited only three cases on sales to person's affiliated with the Plaintiff. The first case Defendant has cited is Krepps v. Reiner, 588 F.Supp.2d 471 (S.D.N.Y. 2008). With the Second Circuit expressly finding that sales to those affiliated with the Plaintiff may establish personal jurisdiction, Krepps is no longer good law. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 172, 173 (2nd Cir. 2010).

The third case cited by Zazzle is Warren v. Cardozo Publishing Co., 2017 U.S. Dist. LEXIS 16128 (E.D.Mo. Feb. 6, 2017). The District Court in Warren based its decision on jurisdiction on collateral estoppel from an earlier litigation between the parties.

The second case cited by Zazzle is Regenexx, LLC v. Regenex Health LLC, 2020 WL 1269790 (S.D.Iowa March 17, 2020). In the Regenexx case the defendant did not have a fully interactive website such as Zazzle has which allows full internet commerce and sales to be made. The Regenexx court concluded the Regenexx website was passive. Regenexx, LLC v. Regenex Health LLC, 2020 WL 1269790 at * page 6 (S.D.Iowa March 17, 2020). The Zazzle website is active allowing and carrying out sales in Missouri and elsewhere. The Regenexx decision cites Krepps but, after Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 172, 173 (2nd Cir. 2010), Krepps is no longer good law. The Regenexx case also cites Warren but this case based its decision on collateral estoppel from rulings from an earlier lawsuit between the parties. See Warren v. Cardozo Publishing Co., 2017 U.S. Dist. LEXIS 16128 (E.D.Mo. Feb. 6, 2017).

Therefore, because the precedents of Federal Court of Appeals and District Courts clearly find that selling infringing goods to a person associated with plaintiff and selling goods nationwide through an interactive webpage, establishes specific personal jurisdiction, this District Court has specific personal jurisdiction over Defendant, and this District Court should deny Defendant's motion to dismiss for lack of personal jurisdiction.

2. **THIS DISTRICT COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE DEFENDANT'S SALE INTO MISSOURI OF A TRADEMARK INFRINGING GOOD ALONG WITH DEFENDANT'S INTERACTIVE WEBSITE OFFERING TRADEMARK INFRINGING GOODS, IS SUFFICIENT TO SATISFY THE TEST FOR SPECIFIC PERSONAL JURISDICTION.**

Specific personal jurisdiction is established by considering five factors:

A. The nature and quality of Defendant's contacts with the forum state;

B. The quantity of contacts;

C. The relation of the cause of action to Defendant's forum contacts;

D. The interest of the forum state in providing a forum for its residents; and,

E. The convenience of the parties.

K-V Pharm. Co. v. Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011); Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1390 (8th Cir. 1991).

Defendant has strong and extensive contacts with Missouri which have not been denied by Defendant.

First, Defendant operates an interactive website and sells goods from this website into Missouri. See e.g. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1351 (11th Cir. 2013); Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328, 1334 (E.D.Mo. 1996).

> If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. *E.g. CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996).

Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)

Second, Defendant has offered trademark infringing goods on its website nationwide and to Missouri. See Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328, 1333 (E.D.Mo. 1996).

Third, Defendant has actually sold trademark infringing goods into Missouri. See e.g. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1356 (11th Cir. 2013) (sale, to person affiliated with plaintiff, of single infringing good into state establishes personal jurisdiction over defendant).

In a recent trademark infringement case, the 11th Circuit found personal jurisdiction under circumstances essentially identical to those in the instant BASIC case.

> In *intentional* tort cases, there are two applicable tests for determining whether purposeful availment occurred. First, we may apply the "effects test," which the Supreme Court articulated in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (involving libel claims). Under the "effects test," a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state. *See Lovelady,* 544 F.3d at 1285.

Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1356 (11th Cir. 2013)

> Based upon the unrebutted allegations of the complaint, the investigators' testimony, and the district court's fact findings, we conclude that Mosseri purposefully availed himself of the Florida forum in such a way that he could reasonably foresee being hauled into a Florida court. Mosseri purposefully solicited business from Florida residents through the use of at least one fully interactive, commercial website, "pendoza.com." As a result of this Internet advertising, Mosseri received orders from multiple Florida residents to ship goods into Florida. At least one of those orders was from Holmes for a billfold and Mosseri shipped those goods, including the billfold, into Florida. These collective contacts establish that Mosseri purposefully availed himself of the privileges of doing business in south Florida.

Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1356 (11th Cir. 2013).

Trademark infringement is tortious in nature. Dakota Industries, Inc. v. Dakotz Sportswear, Inc., 946 F.2d 1384, Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328, 1331 (E.D.Mo. 1996).

Fourth, a Missouri LLC (BASIC) has been damaged by Defendant's offering of trademark infringing goods and sale of trademark infringing goods and Missouri has an interest in protecting its local businesses from predatory practices carried out by foreign businesses using the internet. See e.g. Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1389 (8th Cir. 1991); Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328, 1334 (E.D.Mo. 1996).

Fifth, and finally, with electronic filing, this District Court is not inconvenient to Defendant.

Therefore, because Zazzle uses an active website to sell into Missouri, because Zazzle sold a trademark infringing good into Missouri, and because Plaintiff is a small Missouri LLC, this District Court has personal jurisdiction over Defendant, and this District Court should deny Defendant's motion to dismiss.

Respectfully submitted,

SCHULTZ & ASSOCIATES, LLP

BY: /s/ Robert Schultz
Robert Schultz #35329
640 Cepi Drive
Chesterfield, MO 63005
636-537-4645 / FAX: 636-537-2599
rschultz@sl-lawyers.com
*Attorney for Plaintiff*